IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| The Hanover Insurance Company, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-CV-02020 |
| | ) |
| Northern Building Company, et al., | ) |
| | ) |
| Defendants. | ) |

Memorandum Opinion and Order

On March 23, 2011, plaintiff Hanover Insurance Company ("Hanover") filed a complaint against defendants, Northern Building Company and Thomas VanDuinen (collectively "Northern Building"), alleging that they breached an indemnity agreement relating to a construction project. At the close of discovery, both parties filed summary judgment motions. On September 4, 2012, I entered a Memorandum Opinion and Order granting Hanover's motion and denying Northern Building's motion. The judgment did not include the amount of damages. Northern Trust appealed, and the Seventh Circuit remanded the case for further proceedings on the relief to which plaintiff is entitled. The parties have further briefed the amount to which Hanover is entitled. I enter judgment in the amount of $76,016.69.

I.

A full description of the background of this case may be found at *Hanover Ins. Co. v. Northern Building, Co.*, 891 F. Supp. 2d 1019

(N.D. Ill. 2012). For the purposes of this opinion, the following facts are undisputed. Northern Building was a subcontractor for the safety upgrades to Midway airport in 2008, and Hanover was its bonding company. In consideration for Hanover's issuance of the bonds for the Midway project, it required Northern Building to sign an indemnity agreement ("Agreement"), which gave Hanover the exclusive right to settle any claims or lawsuits arising out of the work covered by the bond and required Northern Building to indemnify Hanover for those settlements. Pursuant to the Agreement, Northern Building would have to reimburse Hanover for costs associated with settling any bond claims.

> The Agreement requires Northern Building to:
>
> exonerate, indemnify, and save harmless [Hanover] from and against every claim, demand, liability, cost, charge, suit, judgment and expense which [Hanover] may pay or incur, including, but not limited to, loss, interest, court costs and consultant and attorney fees . . . in defending any suit, action, mediation, arbitration, or any other proceeding to obtain release from liability whether [Hanover], in its sole discretion, elects to employ its own attorney or permits or requires [Northern Building] to defend [it].

On September 22, 2010, Hanover settled a covered lawsuit for $127,452.78. At that time, Hanover demanded that Northern Building indemnify it for the costs associated with litigating and settling that suit. Northern Building refused, claiming that Hanover should never have been involved in that lawsuit, and arguing on that basis that Northern Building is not responsible for Hanover's attorney fees. Hanover filed this suit against Northern Building seeking indemnification.

Hanover claims that its damages total $76,016.69, comprising: a) $366.78 in claim payments, after set-off from recovery of contract funds; and b) $75,649.91 in legal fees and expenses incurred in resolving bond claims, conducting extensive litigation, and enforcing the terms of the Agreement. Hanover supports its claim with the affidavit of its in-house counsel, John A. McDevitt. Mr. McDevitt states that Hanover hired the law firm of Hinshaw & Culbertson LLP to assist it in (i) investigating the bond claims, (ii) enforcing the Agreement, and (iii) investigating Northern Building's financial condition. Mr. McDevitt further states that Hanover has continually notified Northern Building of the bond claims and requested that Northern Building indemnify and hold Hanover harmless from pending claims and to post collateral.

Northern Building makes four arguments against Hanover's fee request.[1] First, it claims that Hanover has failed to provide adequate support for its fee request. Second, it argues that the amount that Hanover seeks is unreasonable. In its third and fourth arguments, Northern Building revisits ground settled by my summary judgment ruling, urging that the motion should be denied because Hanover failed to settle the related lawsuit in good faith and because Northern Building never breached the indemnity agreement in

---

[1] Northern Building also argues that Hanover is not legally entitled to relief because its motion is an untimely request for attorneys' fees under Fed. R. Civ. P. ("Rule") 54, which requires prevailing parties to request fees "no later than 14 days after the entry of judgment". This motion, however, is about damages under its contract. It does not arise under Rule 54.

the first place.

As an initial matter, Hanover should have been awarded $53,504.44 in my summary judgment ruling, because Northern Building failed to raise a genuine issue of material fact regarding the amount of the fees. Northern Building's arguments, therefore, apply only to the additional $22,512.25 Hanover requests, which represents the attorneys' fees it has incurred since the summary judgment ruling.

To evaluate Northern Building's challenges to Hanover's request for the remaining $22,512.25, I note that where, as here, parties are in federal court based on diversity jurisdiction "the requirements of proof are governed by federal rather than state law." *Taco Bell Corp. v. Continental Cas. Co.*, 388 F.3d 1069, 1076 (7th Cir. 2004); *Oldenburg Group Inc. v. Frontier-Kemper Constructors, Inc.*, 597 F.Supp.2d 842, 847 (E.D. Wisc. 2009) (explaining that "the method of *quantifying* a reasonable fee is a procedural issue governed by federal law in a diversity suit").

"An indemnity clause is designed to make the wronged party whole—to put it in the same position it would have occupied had the other side kept its promise." *Medcom Holding Co. v. Baxter Travenol Labs, Inc.*, 200 F.3d 518, 519 (7th Cir. 2000).

Northern Building first argues that Hanover's proof of fees is insufficient because it has failed to attach bills or time sheets to its motion. The Seventh Circuit, however, does not require that level of detail where indemnification contracts are at issue.

*Medcom Holding Co.,* 200 F.3d at 520. To assist district courts in their fee inquiries under indemnification contracts, the Seventh Circuit has urged district courts to eschew detailed, hour-by-hour reviews of lawyers' bills as we are required to do under the fee-shifting mandates. *See id.* (noting that "[i]temization is required under fee-shifting statutes . . . [but] is far less common when businesses pay their own lawyers"). "Instead of doing a detailed, hour-by-hour review after the fashion of a fee-shifting statute, therefore, the district judge should [undertake] an overview of [the] aggregate costs to ensure that they were reasonable in relation to the stakes of the case." *Id.* at 521. Here, Hanover incurred a reasonable amount of in attorneys' fees given that the claimants sought to recover $205,947.78. Northern Building's claim that Hanover's proof is insufficient to justify an award of fees, therefore, is unavailing.

Second, Northern Building argues that Hanover's fees are objectively unreasonable in relation to the work its attorneys performed. I must accept Hanover's requested fees as reasonable, so long as the fees Hanover paid were those "that commercial parties would have incurred and paid knowing that they had to cover the outlay themselves." *Id*. In other words, so long as Hanover's fees are "not pie-in-the-sky numbers that one litigant seeks to collect from a stranger but would never dream of paying itself," I will not find them unreasonable. *Id.* at 520. Moreover, if Hanover "*actually paid* [these bills] in the ordinary course of its business," it is

entitled to the presumption of reasonableness. *Id*. (emphasis in original). After all, that was the purpose of the Agreement—for Northern Building to make Hanover whole, "which means reimbursement for commercially-reasonable fees no matter how the bills are stated." *Id.*

Here, Hanover retained Hinshaw & Culbertson LLP, initially, and currently Watt, Tieder, Hoffar & Fitzgerald, LLP, and was willing to pay their fees even when Hanover's success was not yet determined. John McDevitt's affidavit states that Hanover "expended" the money to pursue its indemnification claim, and Northern Building has not claimed that Hanover has not paid its attorneys. Therefore, Hanover is entitled to a presumption that the fees are reasonable.

In its third attempt to defeat Hanover's request, Northern Building argues that Hanover did not act in good faith in settling the underlying matter. Here, Northern Building rehashes an argument I rejected at summary judgment.[2] Northern Building has not shown an adequate basis for revisiting my previous conclusion on that issue. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."). Northern Building

---

[2] Acknowledging that I previously found no evidence of bad faith, Northern Building attempts to distinguish its present argument by framing it instead as an absence of good faith. But Hanover offers neither authority nor reasoned analysis to support this putative distinction.

attempts to prove Hanover's bad faith by observing that Hanover's attorneys' fee request continues to increase, from $26,742.49 in the Complaint to $53,504.44 at the time of the summary judgment motion to its current request of $76,016.69. But from all that appears, the attorneys' fees have increased simply because litigation over the fees is ongoing.

Northern Building also argues that it never breached the agreement. This argument was likewise unavailing on summary judgment. Again, Northern Building has not shown any basis for reconsidering my previous ruling.

Finally, Northern Building argues that it is entitled to an evidentiary hearing or a jury trial on the issue of fees. Their argument rests on the premise that because the remedy Hanover seeks is money, it is therefore a legal remedy and requires a jury trial. Northern Building's argument is unavailing because there is no genuine factual issue on reasonableness of the amount sought.

III.

For the foregoing reasons, Hanover's motion for damages in the amount of $76,016.69 is granted.

**ENTER ORDER:**

**Dated:** July 2, 2013

_____

**Elaine E. Bucklo**

United States District Judge